IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff*, | § § | Civil Action No. 1:05-CV-110 |
| v. | § § | |
| MICHAEL HENRY BRUM, | § § | JUDGE RON CLARK |
| *Defendant*. | § § § | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff United States of America's Motion for Summary Judgment [Doc. #4] and Supplemental Motion for Summary Judgment [Doc. #6]. Defendant Michael Henry Brum ("Brum") has filed a document entitled "Memorandum of Record Chain Certification Method" [Doc. #5]. This document in no way responds to Plaintiff's Motion for Summary Judgment and is deficient for numerous reasons. In accordance with Local Rule CV-7(d), Defendant is deemed to have no opposition to Plaintiff's Motion. After reviewing the motion and supporting evidence the court finds that it is meritorious and hereby GRANTS Plaintiff's Motion for Summary Judgment.

### I. Background

Brum is a federal inmate, formerly housed at the Federal Correctional Complex in Beaumont, Texas. He was transferred to Waseca, Minnesota after the complaint was filed and before the summary judgment motion was filed. Brum pled guilty to traveling in interstate commerce with intent to murder for hire. Chief United States District Judge Rudolph T. Randa was the presiding Judge and Carol L. Kraft, Assistant United States Attorney prosecuted the case. Subsequent to sentencing Brum sent threatening and harassing letters to the Chief Judge and the

AUSA. Brum also filed UCC financing statements against both, with the Secretary of State of Arkansas. The United States was forced to file suit to remedy the false liens and to permanently enjoin Brum from filing such liens without leave of court.

## II. Standard of Review

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689 (1993), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986)).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

When no response to a summary judgment motion is filed, the Court may accept as undisputed the movant's version of the facts and grant summary judgment when a *prima facie* case for entitlement is made. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Further, the Local Rules of the Eastern District of Texas explicitly state, "[i]n the event a party fails to oppose a motion . . . the Court will assume that the party has no opposition." *See* Local Rule CV-7(d). Defendant's Memorandum is not a proper response to Plaintiff's motion.

### III. Analysis

A plaintiff is permitted to move for a permanent injunction via summary judgment. *See Securities & Exchange Comms'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 903 (5th Cir. 1980). A party moving for a permanent injunction must show the following: (1) some actual danger of a recurrent violation and not simply a possibility of a future violation; (2) substantial

threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Shanks v. City of Dallas*, 752 F.2d 1092, 1096-97 (5th Cir. 1985).

Brum apparently feels Chief Judge Randa and AUSA Kraft are somehow personally responsible for his pleading guilty. There is no federal or state law that allows a citizen to file a lien against a public official because the citizen feels aggrieved. *See United States v. Barker*, 19 F. Supp. 2d 1380, 1384 (S.D. Ga. 1998). The sad truth is that Courts across the country have considered these types of cases for years and all have held such "liens" filed by disgruntled tax protestors and prisoners against federal officials to be null and void. *See, e.g., United States v. Reeves*, 782 F.2d 1323, 1326 (5th Cir. 1985); *United States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).

Brum not only filed the financing statements in Arkansas, he sent threatening letters to Chief Judge Randa and AUSA Kraft. It is clear that Brum will not stop filing liens or other harassing papers because he has continued to do so throughout the present case by sending harassing letters to the attorneys involved in this lawsuit. The court finds that there is a very real danger, and not just a possibility, of recurrent violations.

The filing of false liens against Chief Judge Randa and AUSA Kraft would cause irreparable injury. The filing of the liens caused both the Chief Judge and AUSA Kraft to set aside time from their official jobs to try and clear their credit history and resolve the UCC filings. In this computerized age, a single bad credit rating or notation will likely be cross referenced in records across the country. There is no easy way to correct the records, and once corrected in one

location, no assurance that the misinformation will not constantly be resurrected by the interconnected net of computers which now store credit and financial information. The court finds there is a substantial threat that Chief Judge Randa and AUSA Kraft will suffer irreparable injury if the injunction is denied. This injury outweighs any damage that might be caused to Brum. He has no right to file, and no legitimate interest in filing, false liens and documents against public officials. In the unlikely event that he ever obtains a legitimate judgment against somebody, it will be easy for him to obtain permission to file the appropriate lien. The court recognizes Brum's First Amendment rights, but "there is no First Amendment right to harass, intimidate, and attempt to extort federal officials." *See Barker*, 19 F. Supp. 2d at 1384. The harm sought to be protected is greatly outweighed by the minimal inconvenience to be imposed on Brum, that of obtaining leave before filing documents purported to be liens.

Lastly, the public interest is greatly advanced by the granting of this injunctive relief. Public officials will be able to perform their duties without being threatened by harassing liens. Moreover, if there is a legitimate lien, Brum is not foreclosed from obtaining leave before filing the public document.

### IV. Conclusion

All relief requested by the United States in its Motion for Summary Judgment **[Doc. #4]** and Supplemental Motion for Summary Judgment **[Doc. #6]** is **GRANTED**.

Judgment shall be entered declaring that that all financing statements, instruments, or liens currently filed, by, or on behalf of, Defendant Michael Henry Brum, or by his agents or by others acting in concert with Defendant Michael Henry Brum or his agents, in the records of the United States, any State, or any local governmental entity, or any of their agencies, purporting

to attach or otherwise affect all or part of the assets or property of Rudolph T. Randa or Carol L. Kraft, or any other federal employee or official, are **DECLARED** invalid, void ab initio, and of no effect. To the extent necessary and permitted by the applicable law of the jurisdiction involved, the Judgment shall authorize the expungement of all such financing statements, instruments and liens. A copy of the Judgment may be filed with the records containing any such liens, financing statements or instruments to give notice of their invalidity.

It shall be further ordered, that Defendant Michael Henry Brum, his agents, and any other person acting in concert with Defendant Michael Henry Brum or his agents, be **PERMANENTLY ENJOINED** from filing, or causing to be filed, or attempting to file, in the records of the United States, any State, or any local governmental entity, or any of their agencies, any lien, instrument, or financing statement purporting to attach, or otherwise affect, all or any part of, the assets or property of Rudolph T. Randa or Carol L. Kraft, or any other federal employee or official, without prior express written authorization from a United States District Court. Violation of this injunction will be considered contempt of this Court, and any such lien, financing statement, or other instrument shall be considered invalid, void ab initio, and of no effect, and such may be immediately expunged from the record in question.

Additionally the judgment shall provide that the Federal Bureau of Prisons may, upon finding that Defendant Michael Henry Brum has violated the Judgment, revoke such privileges he has within the Bureau of Prisons, as it deems appropriate.

So **ORDERED** and **SIGNED** this **1** day of **July, 2005.**

_____
Ron Clark, United States District Judge